**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM JACOB WHATLEY,

Plaintiffs,

Vs. No. 1:25-cv-00027-WJ-DLM

FIRST FINANCIAL CREDIT UNION,
EQUIFAX INFORMATION SERVICES,
LLC, and TRANSUNION, LLC.

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

THIS MATTER is before the Court on the Motion to Dismiss filed by First Financial Credit Union. **[Doc. 17]**, Plaintiff's Response in Opposition **[Doc. 20]**, Defendant's Reply **[Doc. 33]**, and Plaintiff's Sur-Reply **[Doc. 37]**. The Court will deny the Motion without prejudice to a motion for summary judgment based on a fuller record.

Plaintiff's Complaint asserts claims against Defendant First Financial Credit Union ("First Financial") for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The Complaint also asserts claims under New Mexico state law for violation of the New Mexico Unfair Practices Act, breach of a settlement agreement contract, and tortious debt collection. **[Doc. 1 at 1]**. The claims arise out of alleged breach of a settlement agreement between Plaintiff, individually and as personal representative of the estate of William Stephen Whatley, and Defendant First Financial. The settlement agreement to settled litigation between the parties and released claims under the terms of the agreement. **[Doc. 1-1, 1-2]**.

First Financial filed its Motion to Dismiss, seeking dismissal of the claims against it under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and because the claims are time-

barred and accordingly fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6). **[Doc. 17 at 3-10].** Plaintiff responded in opposition, arguing that First Financial misinterprets when the breach occurred triggering FCRA's statute of limitations. **[Doc. 20]**. Defendant First Financial filed its Reply contending that Plaintiff did not address the Court's lack of subject matter jurisdiction because the Complaint fails to plead sufficient facts to establish a violation of the FCRA. **[Doc. 33]**. The Reply also argues that, because the Court lacks subject matter jurisdiction over the FCRA claims, it also lacks supplemental jurisdiction to consider Plaintiff's state law claims. **[Doc. 33 at 7-12]**. Because the supplemental jurisdiction arguments were raised for the first time in the Reply, Plaintiff filed a Sur-Reply addressing the state law claims. **[Doc. 37]**.

On the one hand, Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter. When ruling on a Rule 12(b)(1) motion, a court has broad discretion to consider affidavits, an administrative record, or other documents necessary to resolve disputed jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

When ruling on a 12(b)(6) motion, on the other hand, this Court considers only the four corners of the complaint. There are, of course, exceptions to this rule. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). One such exception is that a court may take "judicial notice of public information that is not reasonably subject to dispute." *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 2025 U.S. App. LEXIS 1302, at *3 (10th Cir. Jan. 21, 2025) (unpublished). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing plausibility, a

plaintiff's allegations are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty., Utah*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,* 711 F.2d 138, 139 (9th Cir.1983) (*quoting Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983)).

Generally, under Rule 12(b)(6), the sufficiency of a complaint must rest on its contents alone. *See, e.g., Casanova v. Ulibarri,* 595 F.3d 1120, 1125 (10th Cir.2010) ("The district court's disposition of the complaint was irregular. Although it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint."). There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007); *Oxendine,* 241 F.3d at 1275 (documents attached as exhibits to the complaint); (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents'

authenticity," *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002); and (3) "matters of which a court may take judicial notice," *Tellabs, Inc.,* 551 U.S. at 322, 127 S. Ct. 2499. However, if a district court needs to rely on other evidence, the proceedings must be converted to a Rule 56 motion for summary judgment, giving proper notice to the parties. *See* Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997); *see also Swoboda v. Dubach,* 992 F.2d 286, 290 (10th Cir.1993).

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). However, a Rule 12(b)(6) dismissal is appropriate only where the running of the statute of limitations is genuinely clear on the face of the Complaint. *Jones v. Bock*, 549 U.S. at 214-15.

In this case, the issue of running of the statute of limitations is not clear on the face of the Complaint. Instead, the Court concludes that whether the Complaint states a claim for relief under the FCRA and whether any FCRA claims are time-barred, depriving the Court of subject matter jurisdiction, are factually intertwined with the merits of the case and cannot be decided in a Rule 12(b)(6) posture. *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,* 711 F.2d at 139. Instead, pursuant to Fed. R. Civ. P. 12(d) the issues are more properly resolved in a Fed. R. Civ. P. 56 proceeding on a more fully developed factual record. Therefore, the Court will deny the Motion to Dismiss without prejudice to a renewed motion for summary judgment on a more extensive record.

IT IS ORDERED that the Motion to Dismiss filed by First Financial Credit Union. **[Doc. 17]** is **DENIED without prejudice.**

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE